**Echevarria Law, PLLC**
P.O. Box 1053
Warwick, New York 10990

Jennifer S. Echevarria, Esq.* Jennifer@EchevarriaLawPLLC.com (845) 544-7644
*Admitted in NY, NJ, CT

April 26, 2024

Hon. Cathy Seibel
United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

[Via ECF and email:
chambersnysdseibel@nysd.uscourts.gov]

RE: McCree v. The Country Club at Otterkill, LLC, *et al.*
Case No.: 23-cv-06508 (CS)
Seeking Court Approval of Settlement Agreement

Dear Judge Seibel:

The undersigned represents Plaintiff in the above referenced matter.

This letter is being submitted jointly by both Plaintiff and Defendants' counsel, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), seeking approval of the enclosed, proposed settlement agreement.

The parties participated in Court-ordered mediation on December 13, 2023, for approximately four (4) hours, and exchanged hundreds of documents pursuant to the Court's Mediation Protocol Disclosures. After the mediation, the parties engaged in a robust and extensive discovery exchange, resulting in the amendment of the Complaint twice and the referral to Magistrate McCarthy to resolve several discovery disputes. Through their discovery exchanges and briefing of issues for the Court on their discovery disputes, the parties have had the opportunity to fully research the strengths and weaknesses of their cases, and have agreed to settle this matter for eighty seven thousand seven hundred fifty dollars and zero cents ($87,750.00).

This settlement is fair and reasonable for the following reasons. First, records exchanged in discovery indicated that Plaintiff may not have been owed as much in wages as we had initially calculated; Plaintiff had claimed to be owed $34,961.61 in wages but Defendants' records indicated that it was closer to $26,000.00.

Second, Plaintiff had claimed that he was not properly classified and should have been non-exempt, resulting in non-payment of overtime wages. Through discovery and mediation, it became clear to Plaintiff that it would be extremely difficult to prove overtime worked and that he was not properly classified as exempt, given his position as an executive chef overseeing several employees in the kitchen.

**Echevarria Law, PLLC**
P.O. Box 1053
Warwick, New York 10990

Jennifer S. Echevarria, Esq.* Jennifer@EchevarriaLawPLLC.com (845) 544-7644
*Admitted in NY, NJ, CT

Third, the Court indicated that liquidated damages for untimely payment under New York Labor Law ("NYLL") §191 were unlikely as they were duplicative of the liquidated damages recoverable for wages generally, and that they were further unlikely given that the Defendants had a viable affirmative defense that they had exercised good faith in their manner of payment.

Finally, the ability of Plaintiff to certify a class given the facts of his particular case as compared to the facts relating to other employees, was remote.

The proposed settlement has Plaintiff receiving $58,252.72 after payment of attorney's fees, which compensates him for the following claims:

$26,000.00 for unpaid wages
$5,000.00 for failure to provide the NYLL §195(1) notice
$5,000.00 for failure to provide the NYLL §195(3) statements
$20,000.00 as liquidated damages for retaliatory discharge under NYLL §215
$2,252.71 as liquidated damages for unpaid and untimely wages

Out of the $87,750.00 settlement, $29,497.28 is allocated to Plaintiff's attorney's fees, which is reasonable given the following. First, Plaintiff's counsel was retained on a contingency basis (i.e., Plaintiff agreed to pay his counsel in the amount of 33.3% of the recovery amount), and as of April 21, 2024, the undersigned had spent 154.50 hours on this case. As of that date, there were also $695.05 in costs and disbursements that had not been reimbursed by the client, but the undersigned is only adding $414.60 to the contingency fee for unreimbursed costs and disbursements. Second, extensive research was required to prepare a complaint and two amendments thereto, and to prepare for and attend several discovery conferences where labor law issues were extensively debated and argued. Plaintiff's counsel assumed the risk of taking this case on a contingency basis and agreed to shoulder the costs of litigation notwithstanding the possibility that the case could be dismissed or lost at trial; this assumption of risk further justifies the fee. Plaintiff's counsel has been practicing in the area of civil litigation since 2008, specifically wage and hour employment litigation since March 2014, and her current hourly rate is $425.00 - $450.00.

The parties prefer to settle this case now rather than continuing to litigate: Defendants want to minimize their losses from payment of attorneys' fees and Plaintiff has an interest in receiving his unpaid wages now rather than a year or two from now should the litigation continue.

**Echevarria Law, PLLC**
P.O. Box 1053
Warwick, New York 10990

Jennifer S. Echevarria, Esq.* Jennifer@EchevarriaLawPLLC.com (845) 544-7644
*Admitted in NY, NJ, CT

Both parties were fully and fairly advised by competent and experienced employment counsel. The proposed agreement was jointly drafted by both counsel and, if approved by the Court, will be entered into after careful consideration and without any duress or coercion on either side.

The parties thank the Court for its consideration of this matter.

Very truly yours,

Jennifer S. Echevarria

Enc.

Cc: Michael K. Burke, Esq. [via ECF and email: mburke@hwb-lawfirm.com]